CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 28 2010

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| BARBARA MAYSE, | ) |
| Plaintiff, | ) Civil Action No. 5:09cv00100 |
| v. | ) MEMORANDUM OPINION |
| ROBERT MATHYAS, | ) |
| | ) By: Samuel G. Wilson |
| Defendant. | ) United States District Judge |

This matter is currently before the court on plaintiff Barbara Mayse's Motion for the Award of Costs Other than Attorney Fees. Following a jury trial held on August 17, 2010, plaintiff Barbara Mayse ("Mayse") prevailed on her claims against defendant Robert Mathyas ("Mathyas") and was awarded both compensatory and punitive damages. On August 24, 2010, Mayse filed this motion seeking an award of costs in the amount of $10,029.42 pursuant to Federal Rule of Civil Procedure 54(d)(1).[1] After reviewing the submissions of the parties, the court finds that Mayse is not entitled to recover several of the requested fees, such as document review fees charged by a third party, fees for the creation of trial exhibits, a testifying expert's full witness fees, and private process server fees. Accordingly, the court reduces the requested taxation of costs, and awards Mayse $1,062.25.

I.

Mayse originally filed this action in the Circuit Court of Augusta County, seeking to recover damages against Mathyas for injuries resulting from a car collision that took place on April 23, 2008. The case was removed to this court at Mathyas's request on November 30, 2009.

---

[1] Mayse later amended this amount to $8,597.46. (See Aff. and Mem. in Support of Mot. for Costs ("Pl.'s Reply") 5.)

After a one day trial held on August 17, 2010, a jury returned a verdict in favor of Mayse, awarding her $150,000 in compensatory damages and $10,000 in punitive damages. As the prevailing party at trial, Mayse filed this motion seeking an award of costs pursuant to Rule 54(d)(1) on August 24, 2010. In response, Mathyas filed an objection to a majority of the costs claimed by Mayse on September 1, 2010. Mayse then filed an affidavit and memorandum in support of her original motion for costs on September 20, 2010. In this memorandum, Mayse apparently concedes that she was not entitled to recover certain expenses claimed in her original motion, and now only seeks to recover $8,597.46.

## II.

Rule 54(d)(1) provides that, absent a statute, Rule, or order to the contrary, costs other than attorney's fees "should be allowed to the prevailing party." Chapter 28 of the United States Code Section 1920 provides that the court may tax the following expenditures as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1932 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; see also Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (holding that only the expenses enumerated in § 1920 may be taxed as costs under Rule 54(d)).

While Rule 54 creates the presumption that costs are to be awarded to the prevailing party, Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999), the Rule does not give

"district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). "Items proposed by winning parties as costs should always be given careful scrutiny." Id. The prevailing party bears the initial burden of demonstrating that the requested costs are allowable under § 1920. Ramonas v. W. Va. Univ. Hospitals-East, Inc., 2010 U.S. Dist. LEXIS 85537, at *6 (E.D. Va. Aug. 19, 2010) (citing Cofield v. Crumpler, 179 F.R.D. 510, 514 (E.D. Va. 1998)). Once the prevailing party has done so, the burden shifts to the losing party to show the impropriety of taxing the proposed costs. Id.

As the prevailing party, Mayse is presumptively entitled to costs that Mayse can demonstrate are allowable under § 1920. Mayse has done so with regard to several expenses Mayse has incurred, such as copying costs, clerk fees, and court reporter fees totaling $972.75. Mathyas does not contest Mayse's entitlement to these costs under Rule 54 or § 1920. (Def.'s Reply to Pl.'s Mot. For Award of Costs, Ex. A.) However, Mathyas does contend that several other charges for which Mayse seeks reimbursement, including fees incurred for reviewing records, creating trial exhibits, paying witness fees, and hiring a private process server, are not allowable under § 1920. The court reviews each of these costs in turn.[2]

### A.

Mayse first seeks to tax $1,223.96 in fees Mayse paid to Medical Management Resources.

---

[2] While Mayse initially requested a total of $10,029.42 in costs, Mayse's latest filing in support of her motion only asks the court to tax costs in the amount of $8,597.46. (See Pl.'s Reply 5.) Excluded in this latest filing were Federal Express charges, witness retainer fees, travel costs for Mayse's attorney, and previously unexplained payments to A-Quest Investigations and Michael Choate. Because Mayse is no longer requesting that these expenses be taxed as costs, and, in any event, has never attempted to justify these expenses in relation to § 1920, the court declines to tax these expenses as costs.

According to Mayse, the $1,223.96 includes fees Medical Management Resources charged for copying, document review, organization, and "advice on the numerous and complicated medical records required for this case." (Pl.'s Reply 4.) Mayse argues that these costs are justified by § 1920(4)'s language allowing for the taxation of costs relating to "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

However, costs that are merely incurred in preparation for trial are not generally taxable. See 10 CHARLES ALLEN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2677 (3d ed. 1998). Section 1920 simply does not provide for costs relating to the review of medical records by third parties, regardless of how complicated or necessary to the party's case. Cf. Union Carbide & Carbon Corp. v. Nisley, 300 F.2d 561, 586 (10th Cir. 1961) (refusing to allow plaintiff's costs for accounting services performed by an accounting firm in connection with the prosecution of an antitrust case under Rule 54). Courts do not have discretion to tax "whatever costs may seem appropriate" if those costs are not provided for by § 1920. Crawford Fitting Co., 482 U.S. at 441.

For these reasons, the court denies Mayse's request to tax the $1,223.96 fee paid to Medical Management Resources.

**B.**

Mayse also seeks to tax fees paid to the Golgeon Group and Amicus Visuals for creating illustrations to use as evidence at trial. Section 1920(4)'s allowance for the "exemplification and costs of making copies" has been interpreted to allow district courts to tax such illustrations as costs. E.g., Taylor v. Black, 1991 U.S. Dist. LEXIS 15787, at *11 (W.D. Va. Mar. 7, 1991).

However, such costs are allowed only where the exhibits are "necessary." See, e.g., Ramonas, 2010 U.S. Dist. LEXIS 85537, at *7–8; Robertson v. McCloskey, 121 F.R.D. 131, 133 (D.D.C. 1988). Costs for materials that are "merely illustrative" of other evidence are not taxable. Advance Bus. Sys. & Supply Co. v. SCM Corp., 287 F. Supp. 143, 164 (D. Md. 1968). "The fact that the court is enlightened by certain evidence is not such an exceptional circumstance as to justify the taxation in the costs of the expense of procuring that evidence." Specialty Equip. & Mach. Corp. v. Zell Motor Car Co., 193 F.2d 515, 521 (4th Cir. 1952).

Mayse argues that costs should be allowed under § 1920 because the exhibits she presented were reasonably "necessary" to make "her case intelligible to the jury." (Pl.'s Reply 4.) Mathyas counters that while the exhibits may have aided the jury, the same information could have been presented in a more cost effective manner.

The exhibits presented by Mayse at trial consisted of pictures of damage caused by the automobile collision, both to Mayse and her car. Additionally, Mayse presented a diagram illustrating the various steps involved in the type of spinal surgery performed on Mayse. While Mayse indicates that two companies combined to produce these exhibits at a total cost of $3,334.75, Mayse does not detail the cost of each individual exhibit. More importantly, Mayse does not indicate which of these exhibits were necessary for a proper determination of the issues presented. See Taylor, 1991 U.S. Dist. LEXIS 15787, at *13; see also Cox v. Maddux, 285 F. Supp. 876, 883 (W.D. Ark. 1968) (cost of photographs depicting the scene of an automobile accident not allowed when the disposition of the case was not materially aided by the photographs). Instead, Mayse simply states that the exhibits were "necessary" because of "the complexity and subtleties of the medical evidence." (Pl.'s Reply 4.) Given the "careful scrutiny"

5

that must be applied to claims of costs by prevailing parties, Farmer, 379 U.S. at 325, this type of vague claim is insufficient to establish that the costs of these exhibits fall within the scope of § 1920.

For these reasons the court denies Mayse's request to tax the costs incurred in creating illustrations to use at trial pursuant to § 1920(4).

### C.

Mathyas also objects to Mayse's attempt to recoup a $3,000 fee paid to Mayse's expert, Dr. Harron, who testified at trial. Mayse suggests that it is within the court's discretionary power to award this amount for the witness's time and testimony.

However, the Supreme Court has squarely held that "a federal court may tax expert witness fees in excess of the . . . limit set out in 28 U.S.C. § 1821(b) only when the witness is court-appointed." Crawford Fitting Co., 482 U.S. at 442. Section 1821(b) states:

> A witness shall be paid an attendance fee of $ 40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. § 1821(b).

Here, Dr. Harron was not a court-appointed witness. Therefore, under the plain language of the statute, Mayse can only recover $40 per day for Dr. Harron's testimony. The trial in this case occurred on August 17, 2010, and lasted only one day. Thus, the court will tax $40 to cover Dr. Harron's witness fees.

Mayse also argues that Dr. Harron had to drive a distance of 99 miles to testify at trial, and that Dr. Harron's travel costs should be taxed. (Pl.'s Reply 3.) Witnesses may be

reimbursed for travel at a rate set by the Administrator of General Services. 28 U.S.C. § 1821(c)(2). For the 2010 fiscal year, the Administrator set the mileage reimbursement rate at $0.50 per mile for private vehicles. See, e.g., Ramonas, 2010 U.S. Dist. LEXIS 85537, *11. Thus, $49.50 representing Dr. Harron's travel costs may be taxed as costs.

For these reasons, the court will award a total of $89.50 representing Mayse's witness fees and travel expenses as costs.

### D.

The final disputed cost is the $66 in fees incurred by Mayse in hiring private process servers. The parties dispute whether the taxation of private process server fees is permitted under § 1920.

Section 1920(1) simply states that the "[f]ees of the clerk and marshal" may be taxed as costs. While the Fourth Circuit has not addressed the issue, other courts are split on whether this provision may be read to include fees for private process servers. See Schwarz & Scwarz of Va., LLC v. Certain Underwriters at Lloyd's, 2010 U.S. Dist. LEXIS 10753, at *9–10 (W.D. Va. Feb. 8, 2010) (noting that there is a circuit split regarding whether private process server fees are taxable under § 1920(1), but finding the majority of circuits do allow taxation of these costs); Kennedy v. Joy Techs., 484 F. Supp. 2d 502, 504 (W.D. Va. 2007) (also finding that the majority of circuits allow the taxation of private process server fees).

However, the language of § 1920 is clear and unambiguous on its face. E.g., Kelley v. Little Charlie's Auto Sales, 2006 U.S. Dist. LEXIS 59171, at *8 (W.D. Va. Aug. 22, 2006); Ford v. Gen. Elec. Lighting, Inc., 2005 U.S. Dist. LEXIS 14994, at *4 (W.D. Va. July 22, 2005); Cofield v. Crumpler, 179 F.R.D. 510, 516 (E.D. Va. 1998); see also Does I, II, III v. District of

7

Columbia, 448 F. Supp. 2d 137, 145–46 (D.D.C. 2006). Section 1920(1) only refers to the fees of the "clerk and marshal." In analyzing whether witness fees were taxable under § 1920, the Supreme Court remarked that Congress's statutory scheme is "comprehensive[]" and that it is "clear that when Congress meant to set a limit on fees, it knew how to do so." Crawford Fitting Co., 482 U.S. at 442. Section 1920(1) plainly imposes such a limit on the taxation of process server fees: only those incurred by the clerk or the marshal are taxable. It may be true that "there is no obvious policy reason why private process server fees should not be recoverable." D&B Countryside, L.L.C. v. Newell, 217 B.R. 72, 78 n.7 (Bankr. E.D. Va. 1998). However, if the statute is to be changed, Congress must be the one to do so. See Cofield, 179 F.R.D. at 516 ("[I]t is not the function of this court to re-write the statute. It is the court's duty to apply the statute as written.")

Because the plain language of § 1920(1) does not expressly allow for the recovery of private process server fees, the court denies Mayse's request to tax those fees in this case.

### III.

For the reasons stated above, the court will permit Mayse to recover a total of $1,062.25 in expenses incurred for copying services, clerk fees, court reporter fees, and the statutorily authorized portion of Dr. Harron's witness and travel fees.

**ENTER:** This 28th day of September, 2010.

UNITED STATES DISTRICT JUDGE